Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN, LLP
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Jennifer J. Spencer (*pro hac vice* anticipated)
Texas Bar No. 10474900
James E. Hunnicutt (*pro hac vice* anticipated)
Texas Bar No. 24054252
JACKSON SPENCER LAW, PLLC
4004 Belt Line Road, Suite 210
Addison, TX 75001
Tel: (972) 458-5301
Fax: (972) 532-8799
jspencer@jacksonspencerlaw.com
jhunnicutt@jacksonspencerlaw.com
*Lead Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICIA COLEMAN,<br><br>        Plaintiff,<br><br>v.<br><br>NIKE RETAIL SERVICES, INC. and NIKE, INC.,<br><br>        Defendants. | Case No.: _____<br><br>COMPLAINT<br><br>Gender Discrimination and Retaliation in Violation of  42 U.S.C. § 2000e and ORS 659A.030; Age Discrimination and Retaliation in Violation of  29 U.S.C. §621 and ORS 659A.030; Disability Discrimination, Interference, and Retaliation in Violation of 42 |

**COMPLAINT**                                                                                    **PAGE 1**

U.S.C. § 12101, ORS 659A.112, and
ORS 659A.109; Violation of the federal
Equal Pay Act, 29 U.S.C. § 206(d)

DEMAND FOR A JURY TRIAL

## I. INTRODUCTION

1.     Plaintiff Patricia Coleman files this action against her former employer,

Defendants Nike Retail Services, Inc. and Nike, Inc. (collectively "Nike"), alleging sex

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000, *et seq.* ("Title VII") and ORS 659A.030; age discrimination and retaliation in violation

of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA") and ORS

659A.030; disability discrimination, interference with statutorily protected rights, and retaliation

in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"),

ORS 659A.112, and ORS 659A.109; and unlawful practices in violation of the federal Equal Pay

Act, 29 U.S.C. § 206(d) (the "EPA").  Plaintiff requests equitable relief, monetary damages,

interest, attorneys' fees, and costs for Defendants' unlawful acts.

## II.     JURISDICTION, VENUE,  AND ADMINISTRATIVE EXHAUSTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter

involves controversies arising under the laws of the United States, including Title VII, the

ADEA, the ADA, and the EPA.  This Court has supplemental jurisdiction over Plaintiff's state-

law claims pursuant to 28 U.S.C. § 1367 and because these claims arise from a common nucleus

of operative facts with the federal claims and are so related to the federal claims as to form part

of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the District of Oregon, under 28 U.S.C. § 1391(b)(1) and (2) and 42 U.S.C. § 2000e-5(f)(3) because Nike resides in and conducts business in this district, and because records relevant to those events and omissions are maintained and administered in this district.

4.      On July 5, 2024, Plaintiff timely filed with the U.S. Equal Employment Opportunity Commission (the "EEOC") a "Charge of Discrimination" alleging discrimination on the basis of age, gender, and disability, retaliation for reporting discrimination, and retaliation for requesting a reasonable accommodation.

5.      On August 11, 2025, Plaintiff received the EEOC's Notice of Dismissal and Right to File Civil Action (the "EEOC Right to Sue Letter"). This lawsuit is being filed within ninety (90) days of Plaintiff's receipt of the EEOC Right to Sue Letter.

6.      All administrative and jurisdictional prerequisites have been met or have expired.

### III.    PARTIES

7.      Plaintiff Patricia Coleman is a resident of Williamson County, Texas. At all relevant times, Plaintiff was an employee of Nike within the meaning of all applicable statutes.

8.      Defendants Nike Retail Services, Inc. and Nike, Inc. are Oregon for-profit corporations headquartered in Beaverton, Oregon. At all relevant times, both defendants employed more than 500 employees who were employed for each of 20 or more calendar weeks in 2023 and/or 2024.  On information and belief, both defendants directed and made decisions regarding Plaintiff's employment, were alerted to her complaints of unlawful conduct, and engaged in the discriminatory and retaliatory conduct alleged herein. Upon information and belief, at all relevant times, both defendants acted in the capacity as plaintiff's employer within the meaning of all applicable statutes.

## IV.     FACTUAL SUMMARY

9.      Plaintiff began working for Nike on June 1, 1998, as a Store Manager.

10.     Plaintiff excelled in her role, and over the course of her 25-year career with Nike, she was promoted nine times, eventually rising to the position of Senior Director of Stores in 2011.

11.     Plaintiff consistently received positive performance evaluations, annual raises, and merit-based bonuses throughout her career.  She had no history of disciplinary action, performance issues, or negative feedback from supervisors prior to 2023.

12.     In November 2021, at 58 years of age, Plaintiff began reporting to Senior Director of Stores James Dektas, a white male in his 40s.  Plaintiff was the only woman of her age on the leadership team at that time.

13.     From the outset, Dektas treated Plaintiff differently from her younger, male peers. He spent significantly more time visiting their store markets, excluded her from meetings even when those meetings were held at stores she managed, and failed to communicate with her regarding important operational decisions.

14.     In April 2023, Dektas publicly scrutinized Plaintiff for organizing a celebration for a long-tenured employee's work anniversary, even though she had cleared the celebration with Dektas in advance and paid for it largely out of her own pocket.  Dektas falsely accused Plaintiff of violating corporate alcohol and guest policies despite her complying with the relevant rules and obtaining prior approval.

15.     Throughout 2023, Plaintiff's working relationship with Dektas deteriorated.  He increasingly micromanaged her work, demanded written recaps of conversations that were not demanded of her male peers, and accused her of misconduct without basis. He also made false allegations about operational decisions that he had previously approved.

16.     On December 15, 2023, Plaintiff formally reported Dektas to HR Representative Owen Stebbins for discrimination based on age and gender.  She cited his exclusionary behavior, his preferential treatment of younger male colleagues, and his refusal to engage with her professionally.  No investigation or any other action occurred in response to this complaint.

17.     Later that same month, prompted by Dektas's ongoing avoidance of direct communication, Plaintiff contacted a local Senior Retail District Director for assistance and advice on supporting one of Plaintiff's stores while its General Manager would be on sabbatical in the spring of 2024.  When Dektas learned of this, he became irate.

18.     On January 3, 2024, Plaintiff was summoned to a meeting with Dektas and HR Business Partner Cheymeika Ashmore.  During this meeting, Dektas raised his voice, falsely accused Plaintiff of mismanaging her store based on a closure she had previously cleared with him, and berated her for seeking help from a peer.  Ashmore remained silent throughout the meeting.

19.     The following day, Plaintiff sent a detailed complaint email to Dektas, Ashmore, and Senior HR Partner Wendy Daily, which she also forwarded to Employee Relations Partner Steven Dawson.  In this complaint, Plaintiff detailed the mistreatment she had been suffering at the hands of Detkas, including how he had unfairly questioned her decisions, misrepresented directives Plaintiff had given to her team, and berated her for seeking the assistance of a peer, all of which Detkas mischaracterized as "poor leadership."  Plaintiff defended her managerial decisions as consistent with Nike's mantra in its Code of Conduct:  "Doing the Right Thing."  Plaintiff also included that, since Detkas's treatment of her was unjustified given Plaintiff's history of excellent performance, she considered his actions as retaliatory and that she feared her job was in jeopardy.

20.      Daily offered a generic apology, and Dawson asked Plaintiff whether she had used the Speak Up portal.

21.      Following Dawson's directive, Plaintiff submitted her complaint through the portal; however, to her knowledge, no investigation or follow-up occurred beyond a single call from HR Representative Sean Bullock, wherein he only asked Plaintiff to reiterate her complaints but offered no solutions or assistance.  Neither Bullock nor anyone else at Nike followed up with Plaintiff about her Speak Up complaint.

22.      On January 10, 2024, Plaintiff experienced severe back pain.  Her physician diagnosed her with degenerative disc disease, a condition associated with aging.  This condition substantially limits one or more of Plaintiff's major life activities, including walking, standing, sitting, and bending, as well as neurological functions.

23.      Plaintiff promptly informed Dektas of her disability and requested a reasonable accommodation: one day off work and one day of remote work.

24.      On February 13, 2024, barely more than a month after Plaintiff complained about Dektas' discriminatory conduct and disclosed her disability to him, Dektas and Ashmore terminated Plaintiff's employment via video call.

25.      The only reason Dektas and Ashmore gave to Plaintiff for her termination was the vague statement, "failure to demonstrate leadership capability."

26.      Dektas and Ashmore did not provide Plaintiff with any specific examples of any alleged failures or misconduct to support the decision to terminate her employment.

27.      At the time Nike terminated Plaintiff's employment she was 61 years of age.

28.      At the time Plaintiff's employment with Nike ended, she was qualified for her position and possessed all certifications, degrees, and licenses required for her position.

29.     Despite her lengthy and successful tenure, Nike denied Plaintiff severance.

30.     Plaintiff was one of three senior female leaders directly or indirectly reporting to Dektas, all of whom were terminated between February and April 2024.

31.     Plaintiff and the other two women, Courtenay Buday and Jennifer Hess Patthoff, were terminated without severance prior to a company-wide Reduction in Force ("RIF").

32.     In contrast, male leaders reporting to Dektas who were terminated in 2024 were given severance packages and terminated as part of the RIF.

33.     Nike's reasons for terminating Plaintiff's employment were a mere pretext for terminating her and/or for denying her equal compensation in violation of Title VII, the ADEA, the ADA, the Equal Pay Act and ORS 659A.030(1)(a)(b) and (f).

## IV.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
#### Gender Discrimination
#### Violation of 43 U.S.C. § 2000e, et seq.

34.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

35.     Nike discriminated against Plaintiff based on her gender in the following ways:

    a)     Providing attention and resources to Plaintiff's male colleagues that it denied to her;

    b)     Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

    c)     Withholding important information necessary for Plaintiff's success while providing information and resources to her male peers;

    d)     Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

    e)     Holding Plaintiff to higher standards than her male peers;

f)      Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

g)      Demanding that Plaintiff perform extra work not required of her male peers;

h)      Ostracizing and ignoring Plaintiff;

i)      Showing preferential treatment to younger male colleagues; and

j)      Terminating her employment on the basis of sex.

36.    Nike treated males who were similarly situated to Plaintiff more favorably than it treated Plaintiff.

37.    Nike's actions were intentional and constituted unlawful discrimination on the basis of gender in violation of Title VII.

38.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her sex by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

39.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of gender discrimination.

40.    Plaintiff is entitled to all appropriate equitable relief.

41.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

42.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

43.     Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

44.     Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

45.     Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5(k).

**SECOND CLAIM FOR RELIEF**
**Retaliation for Reporting Gender Discrimination**
**Violation of 43 U.S.C.  § 2000e, et seq.**

46.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

47.     Plaintiff engaged in protected activity when she opposed gender discrimination and reported that Nike was violating applicable federal and state law by treating her differently due to her gender.

48.     Nike retaliated against Plaintiff in response to her complaints about discrimination based on her gender by increasing scrutiny and hostility toward Plaintiff, escalating its unfounded attacks and criticisms of her performance, and terminating her employment.

49.     Pleading in the alternative, if such be necessary, Nike retaliated against Plaintiff in response to her complaints by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

50.     Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of retaliation for asserting claims of discrimination based on gender.

51.     Plaintiff is entitled to all appropriate equitable relief.

52.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

53.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

54.     Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

55.     Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

56.     Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5(k).

**THIRD CLAIM FOR RELIEF**
**Gender Discrimination**
**Violation of ORS 659A.030**

57.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

58.     At all times relevant, Nike was an "employer" as defined by ORS 659A.030.

59.     When Plaintiff worked for Nike, she was an "employee" as defined by ORS 659A.030.

60.     Nike discriminated against Plaintiff based on her gender in the following ways:

a)      Providing attention and resources to Plaintiff's male colleagues that it denied to her;

b)      Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

c)      Withholding important information necessary for Plaintiff's success while providing information and resources to her male peers;

d)      Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

e)      Holding Plaintiff to higher standards than her male peers;

f)      Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

g)      Demanding that Plaintiff perform extra work not required of her male peers;

h)      Ostracizing and ignoring Plaintiff;

i)      Showing preferential treatment to younger male colleagues; and

j)      Terminating her employment on the basis of sex.

61.     Nike treated males who were similarly situated to Plaintiff more favorably than it treated Plaintiff.

62.     Nike's actions were intentional and constituted unlawful discrimination on the basis of gender in violation of ORS 659A.030.

63.     Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her gender by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

64.     Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of gender discrimination.

65.     Plaintiff is entitled to all appropriate equitable relief.

66.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

67.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

68.     Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be

paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

69.     Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

70.     Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 20.107 and ORS 659A.885(1).

**FOURTH CLAIM FOR RELIEF**
**Age Discrimination**
**Violation of 29 U.S.C. §§ 621-34**

71.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

72.     Nike discriminated against Plaintiff based on her age in the following ways:

a)      Providing attention and resources to Plaintiff's younger colleagues that it denied to her;

b)      Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

c)      Withholding important information necessary for Plaintiff's success while providing information and resources to her younger peers;

d)      Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

e)      Holding Plaintiff to higher standards than her younger peers;

f)      Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

g)    Demanding that Plaintiff perform extra work not required of her younger peers;

h)    Ostracizing and ignoring Plaintiff;

i)    Showing preferential treatment to younger male colleagues; and

j)    Terminating her employment on the basis of age.

73.    Nike treated younger employees that were similarly situated to Plaintiff more favorably than it treated Plaintiff.

74.    Nike's actions were intentional and constituted unlawful discrimination on the basis of age in violation of ADEA.

75.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her age by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her younger comparators were offered severance.

76.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of age discrimination.

77.    Plaintiff is entitled to all appropriate equitable relief.

78.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered economic damages for which she seeks an amount to be proven at trial, plus interest thereon at the statutory rate. Plaintiff also seeks front pay in lieu of reinstatement to her position.

79.    Nike knew that its actions constituted unlawful discrimination based upon Plaintiff's age or acted with reckless disregard for the fact that its actions were discriminatory. Due

to the willfulness of Nike's conduct, Plaintiff seeks liquidated damages in an amount equal to her economic damages.

80.     Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over the remainder of her career.

81.     Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 29 U.S.C. § 626(b).

### FIFTH CLAIM FOR RELIEF
### Retaliation for Reporting Age Discrimination
### Violation of 29 U.S.C. §§ 621-34

82.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

83.     Plaintiff engaged in protected activity when she opposed age discrimination and reported that Nike was engaging in unlawful practices by treating her differently due to her age.

84.     Nike retaliated against Plaintiff in response to her complaints about discrimination based on her age by increasing scrutiny and hostility toward Plaintiff, escalating its unfounded attacks and criticisms of her performance, and terminating her employment.

85.     Pleading in the alternative, if such be necessary, Nike retaliated against Plaintiff in response to her complaints by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her younger comparators were offered severance.

86. Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of retaliation for reporting age discrimination.

87. Plaintiff is entitled to all appropriate equitable relief.

88. As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

89. Nike knew that its actions constituted unlawful discrimination based upon Plaintiff's age or acted with reckless disregard for the fact that its actions were discriminatory. Due to the willfulness of Nike's conduct, Plaintiff seeks liquidated damages in an amount equal to her economic damages.

90. As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

91. Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

92. Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

93. Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 29 U.S.C. § 626(b).

## SIXTH CLAIM FOR RELIEF
### Age Discrimination
### Violation of ORS 659A.030

94.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

95.     Nike discriminated against Plaintiff based on her age in the following ways:

a)      Providing attention and resources to Plaintiff's younger colleagues that it denied to her;

b)      Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

c)      Withholding important information necessary for Plaintiff's success while providing information and resources to her younger peers;

d)      Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

e)      Holding Plaintiff to higher standards than her younger peers;

f)      Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

g)      Demanding that Plaintiff perform extra work not required of her younger peers;

h)      Ostracizing and ignoring Plaintiff;

i)      Showing preferential treatment to younger male colleagues; and

j)      Terminating her employment on the basis of age.

96.     Nike treated younger employees that were similarly situated to Plaintiff more favorably than it treated Plaintiff.

97.     Nike's actions were intentional and constituted unlawful discrimination on the basis of age.

98.     Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her age by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her younger comparators were offered severance.

99.     Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of age discrimination.

100.     Plaintiff is entitled to all appropriate equitable relief.

101.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

102.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

103.     Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

104.     Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

105.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 20.107 and ORS 659A.885(1).

### SEVENTH CLAIM FOR RELIEF
### Disability Discrimination
### Violation of 42 U.S.C. § 12101, et. seq.

106.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

107.    Plaintiff is and was a disabled person as defined by 42 U.S.C. § 12102 and/or Nike regarded her as having a disability.

108.    Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8) because she could perform the essential functions of her job with or without a reasonable accommodation.

109.    Plaintiff disclosed her disability and requested a reasonable accommodation of her disability.

110.    Nike discriminated against and terminated Plaintiff because of her perceived or actual disability and request for accommodation.

111.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her disability by pretextually terminating Plaintiff's employment in order to avoid including her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her non-disabled comparators were offered severance.

112.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of discrimination based on disability.

113.    Plaintiff is entitled to all appropriate equitable relief.

114.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

115.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

116.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

117.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

118.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 42 U.S.C. § 12205.

## EIGHTH CLAIM FOR RELIEF
### Disability Discrimination
### Violation of ORS 659A.112

119.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

120.    Plaintiff is and was a "disabled person" as defined by ORS 659A.104(1)(a)-(c) and/or Nike regarded her as a disabled person.

121.    Plaintiff was an "otherwise qualified employee" as defined in ORS 659A.115 because she could perform the essential functions of her job with or without a reasonable accommodation.

122.    Plaintiff disclosed her disability and requested a reasonable accommodation of her disability.

123.    Nike retaliated against and terminated Plaintiff because of her disability or perceived disability and request for accommodation.

124.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her disability by pretextually terminating Plaintiff's employment in order to avoid including her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her non-disabled comparators were offered severance.

125.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of discrimination based on disability.

126.    Plaintiff is entitled to all appropriate equitable relief.

127.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

128.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

129.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be

paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

130.     Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

131.     Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 20.107 and ORS 659A.885(1).

### NINTH CLAIM FOR RELIEF
**Retaliation for Engaging in Protected Activities**
**Violation of ORS 659A.109**

132.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

133.     Plaintiff engaged in protected activity when she sought an accommodation for her disability.

134.     Nike discriminated and retaliated against Plaintiff in response to her request for disability accommodation by terminating her employment.

135.     Pleading in the alternative, if such be necessary, Nike discriminated and retaliated against Plaintiff in response to her request for accommodation by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

136.     Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of discrimination and retaliation for seeking statutorily protected benefits.

137.     Plaintiff is entitled to all appropriate equitable relief.

138.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

139.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

140.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

141.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

142.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

**TENTH CLAIM FOR RELIEF**
**Retaliation for Engaging in Protected Activities**
**Violation of ORS 659A.030(1)(f)**

143.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

144.    Plaintiff engaged in protected activity when she opposed gender and age discrimination and reported that Nike was engaging in unlawful practices by treating her differently due to her gender and age.

145.    Nike retaliated against Plaintiff in response to her complaints about discrimination by increasing scrutiny and hostility toward Plaintiff, escalating its unfounded attacks and criticisms of her performance, and terminating her employment.

146.    Pleading in the alternative, if such be necessary, Nike retaliated against Plaintiff in response to her complaints by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

147.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of retaliation for asserting lawfully protected claims of discrimination.

148.    Plaintiff is entitled to all appropriate equitable relief.

149.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

150.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

151.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

152.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

153.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

### ELEVENTH CLAIM FOR RELIEF
### Violation of 29 U.S.C. § 206 et seq.

154.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

155.    By refusing to pay severance to Plaintiff that it provided to Plaintiff's peers, Nike paid Plaintiff less than similarly situated male colleagues performing substantially similar work on the jobs the performance of which requires similar skill, effort, and responsibility and which are performed under similar working conditions within the same establishment, specifically with respect to severance compensation.

156.    The difference in severance pay provided to male employees and not provided to Plaintiff is due to sex and not due to seniority, merit, quantity, or quality of production, or any other factor other than sex.

157.    Nike acted willfully in failing to equally pay Plaintiff in accordance with the law.

158.    As a direct and proximate cause of Nike's employment policies, practices or actions, Plaintiff suffered damages including but not limited to lost income and other benefits.

159.    Plaintiff is therefore entitled to damages equal to the differential in pay on the basis of sex pursuant to 29 U.S.C. §§ 206(d) and 216(b).

160.    Plaintiff is also entitled to a separate amount equal to the differential in pay as liquidated damages  pursuant to 29 U.S.C. § 216(b).

161.    Plaintiff is also entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest pursuant to 29 U.S.C. §216(b).

## V.    JURY DEMAND

162.    Plaintiff demands a jury trial.

## VI.    PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court award a judgment to Plaintiff against Nike for:

1.    Equitable relief, including but not limited to the following injunctive and other equitable relief:

    a.  Prohibiting Nike from engaging in unlawful discrimination;

    b.  Requiring Nike to enact policies and procedures that require adequate training of their employees with respect to discrimination, harassment, and retaliation;

    c.  Requiring Nike to enact policies and procedures that require adequate training of their executive, managerial, supervisory, and human resources personnel to lawfully handle reports of discrimination, harassment, and retaliation in a prompt and sensitive manner; and

    d.  Reporting to the Court the manner of Nike's compliance with the terms of a final order issued by the Court;

    e.  A declaration that Nike violated Plaintiff's statutory rights;

    f.  Reinstatement;

2.    Economic damages including past lost wages and benefits and future lost wages and benefits;

3.   An additional award of economic damages to compensate plaintiff for the additional tax liability associated with receiving a lump sum in a single tax year;

4.   Compensatory, liquidated, and exemplary damages in the maximum amount permitted by law;

5.   Pre- and post-judgment interest;

6.   Attorneys' fees;

7.   Expert witness fees and other litigation expenses; and

8.   Costs.

Plaintiff further requests such other relief to which she is entitled in law or in equity.

Dated: November 5, 2025                    Respectfully Submitted,

                                            */s/ Dana L. Sullivan*
                                           Dana L. Sullivan
                                           Oregon Bar No. 944834
                                           BUCHANAN ANGELI
                                           ALTSCHUL & SULLIVAN, LLP
                                           621 SW Morrison Street, Suite 1250
                                           Portland, Oregon 97205
                                           Tel: (503) 974-5023
                                           Fax: (971) 230-0337
                                           dana@baaslaw.com
                                           *Local Counsel for Plaintiff*

                                           Jennifer J. Spencer (*pro hac vice* anticipated)
                                           Texas Bar No. 10474900
                                           jspencer@jacksonspencerlaw.com
                                           James E. Hunnicutt (*pro hac vice* anticipated)
                                           Texas Bar No. 24054252
                                           jhunnicutt@jacksonspencerlaw.com
                                           JACKSON SPENCER LAW PLLC
                                           4004 Belt Line Road, Suite 210
                                           Addison, TX 75001
                                           (972) 458-5301 (Telephone)
                                           (972) 532-8799 (Fax)
                                           *Lead Counsel for Plaintiff*