John A. Berg, Bar No. 120018
jberg@littler.com
Christine E. Sargent, Bar No. 172189
csargent@littler.com
Alex Kim, Bar No. 233531
akim@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Ste 2050
Portland, Oregon 97201
Telephone:    503.221.0309
Facsimile:    503.242.2457

ATTORNEYS FOR DEFENDANTS NIKE
RETAIL SERVICES, INC. AND NIKE, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICIA COLEMAN,<br><br>            Plaintiff,,<br><br>     v.<br><br>NIKE RETAIL SERVICES, INC. and NIKE, INC.,<br><br>            Defendants. | Case No. 3:25-cv-02059-IM<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |

Defendants NIKE Retail Services, Inc. and NIKE, Inc. ("Defendants" or "NIKE") answer

the Complaint of Patricia Coleman ("Plaintiff") as follows:

## I.    INTRODUCTION

1.    Plaintiff Patricia Coleman files this action against her former employer, Defendants Nike Retail Services, Inc. and Nike, Inc. (collectively "Nike"), alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. ("Title VII") and ORS 659A.030; age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA") and ORS 659A.030; disability discrimination, interference with statutorily protected rights, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), ORS 659A.112, and

ORS 659A.109; and unlawful practices in violation of the federal Equal Pay Act, 29 U.S.C. § 206(d) (the "EPA"). Plaintiff requests equitable relief, monetary damages, interest, attorneys' fees, and costs for Defendants' unlawful acts.

**ANSWER:**    NIKE admits that Plaintiff purports to assert the claims listed in Paragraph 1. NIKE denies all remaining allegations and legal conclusions in Paragraph 1, including but not limited to suggestions that NIKE, Inc. employed her and Defendants violated the statutes invoked.

## II.    JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves controversies arising under the laws of the United States, including Title VII, the ADEA, the ADA, and the EPA. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 and because these claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**    Paragraph 2 asserts legal conclusions to which no response is required. To the extent a response is required, NIKE admits that this Court maintains jurisdiction, but denies the remaining allegations in Paragraph 2, including but not limited to the existence of facts that legitimately give rise to the claims asserted.

3.      Venue is proper in the District of Oregon, under 28 U.S.C. § 1391(b)(1) and (2) and 42 U.S.C. § 2000e-5(f)(3) because Nike resides in and conducts business in this district, and because records relevant to those events and omissions are maintained and administered in this district.

**ANSWER:**    NIKE admits that it maintains its headquarters, keeps records, and conducts business in the District of Oregon. The remaining allegations in Paragraph 3 assert legal conclusions to which no response is required. To the extent a response is required, NIKE admits that venue is proper in this Court but otherwise denies the remainder of Paragraph 3.

4.      On July 5, 2024, Plaintiff timely filed with the U.S. Equal Employment Opportunity Commission (the "EEOC") a "Charge of Discrimination" alleging discrimination on the basis of age, gender, and disability, retaliation for reporting discrimination, and retaliation for requesting a reasonable accommodation.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits, on information and belief, that Plaintiff filed a Charge of

Discrimination on July 5, 2024, with the U.S. Equal Employment Opportunity Commission

("EEOC"). NIKE denies the remaining allegations and legal conclusions in Paragraph 4.

5.      On August 11, 2025, Plaintiff received the EEOC's Notice of Dismissal and Right
to File Civil Action (the "EEOC Right to Sue Letter"). This lawsuit is being filed within ninety
(90) days of Plaintiff's receipt of the EEOC Right to Sue Letter.

**ANSWER:**    NIKE admits that, on August 11, 2025, the EEOC issued a Notice of

Dismissal and Right to File Civil Action and that Plaintiff filed this lawsuit on November 5, 2025.

NIKE lacks knowledge or information sufficient to form a belief as to when Plaintiff "received"

the Notice of Dismissal and Right to Sue Letter, and therefore, denies all remaining allegations of

Paragraph 5.

6.      All administrative and jurisdictional prerequisites have been met or have expired.

**ANSWER:**    Paragraph 6 asserts legal conclusions to which no response is required. To

the extent a response is required, NIKE denies the allegations in Paragraph 6.

### III.    PARTIES

7.      Plaintiff Patricia Coleman is a resident of Williamson County, Texas. At all
relevant times, Plaintiff was an employee of Nike within the meaning of all applicable statutes.

**ANSWER:**    NIKE admits, on information and belief, that Plaintiff is a resident of

Williamson County, Texas. NIKE further admits that NIKE Retail Services, Inc. formerly

employed Plaintiff. NIKE denies the remaining allegations and legal conclusions in Paragraph 7.

8.      Defendants Nike Retail Services, Inc. and Nike, Inc. are Oregon for-profit
corporations headquartered in Beaverton, Oregon. At all relevant times, both defendants employed
more than 500 employees who were employed for each of 20 or more calendar weeks in 2023
and/or 2024. On information and belief, both defendants directed and made decisions regarding
Plaintiff's employment, were alerted to her complaints of unlawful conduct, and engaged in the
discriminatory and retaliatory conduct alleged herein. Upon information and belief, at all relevant
times, both defendants acted in the capacity as plaintiff's employer within the meaning of all
applicable statutes.

Page 3 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:** NIKE admits that both Defendants are for-profit corporations organized under Oregon law and headquartered in Beaverton, Oregon. NIKE further admits that both Defendants employed more than 500 employees who were employed for each of 20 or more calendar weeks in 2023 and 2024. NIKE admits that NIKE Retail Services, Inc. employed Plaintiff and made and directed decisions regarding Plaintiff's employment. NIKE denies the remaining allegations in Paragraph 8.

## IV.    FACTUAL SUMMARY

9.      Plaintiff began working for Nike on June 1, 1998, as a Store Manager.

**ANSWER:** NIKE admits that Plaintiff began working for NIKE Retail Services, Inc. on or about June 1, 1998. NIKE admits that Plaintiff worked for NIKE Retail Services, Inc. as a Store Manager. NIKE denies the remaining allegations of Paragraph 9.

10.      Plaintiff excelled in her role, and over the course of her 25-year career with Nike, she was promoted nine times, eventually rising to the position of Senior Director of Stores in 2011.

**ANSWER:** NIKE admits that Plaintiff worked in different positions over the course of her career beginning in 1998, and that Plaintiff worked as a Senior Director of Stores in 2011. NIKE denies the remaining allegations in Paragraph 10.

11.      Plaintiff consistently received positive performance evaluations, annual raises, and merit-based bonuses throughout her career. She had no history of disciplinary action, performance issues, or negative feedback from supervisors prior to 2023.

**ANSWER:** NIKE admits that Plaintiff received generally positive performance evaluations, raises, and bonuses earlier in her career. NIKE further admits that Plaintiff received negative performance feedback, counseling, and discipline in her position as a Retail District Director. NIKE denies the remaining allegations in Paragraph 10.

12.      In November 2021, at 58 years of age, Plaintiff began reporting to Senior Director of Stores James Dektas, a white male in his 40s. Plaintiff was the only woman of her age on the leadership team at that time.

Page 4 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that, in or around November 2021, Plaintiff began reporting to Senior Director of Stores, James Dektas ("Detkas"). NIKE lacks information or knowledge sufficient to form a belief as to the relative ages of Plaintiff, Dektas, and unnamed others. NIKE denies the remaining allegations in Paragraph 12.

13.    From the outset, Dektas treated Plaintiff differently from her younger, male peers. He spent significantly more time visiting their store markets, excluded her from meetings even when those meetings were held at stores she managed, and failed to communicate with her regarding important operational decisions.

**ANSWER:**    NIKE denies the allegations in Paragraph 13.

14.    In April 2023, Dektas publicly scrutinized Plaintiff for organizing a celebration for a long-tenured employee's work anniversary, even though she had cleared the celebration with Dektas in advance and paid for it largely out of her own pocket. Dektas falsely accused Plaintiff of violating corporate alcohol and guest policies despite her complying with the relevant rules and obtaining prior approval.

**ANSWER:**    NIKE admits that, in April 2023, Plaintiff arranged a work anniversary celebration at NIKE's South Congress retail store violating NIKE policy and resulting in performance management. NIKE denies that Plaintiff complied with all relevant rules and policies, that she obtained approval beyond authority to purchase "cookie and decorations", and that Dektas publicly scrutinized or falsely accused Plaintiff in any way. NIKE denies the remaining allegations in Paragraph 14.

15.    Throughout 2023, Plaintiff's working relationship with Dektas deteriorated. He increasingly micromanaged her work, demanded written recaps of conversations that were not demanded of her male peers, and accused her of misconduct without basis. He also made false allegations about operational decisions that he had previously approved.

**ANSWER:**    NIKE admits that Dektas tried to manage Plaintiff's unsatisfactory performance, which was not well-received by Plaintiff. NIKE denies the allegations in Paragraph 15.

16.    On December 15, 2023, Plaintiff formally reported Dektas to HR Representative Owen Stebbins for discrimination based on age and gender. She cited his exclusionary behavior,

Page 5 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

his preferential treatment of younger male colleagues, and his refusal to engage with her professionally. No investigation or any other action occurred in response to this complaint.

**ANSWER:**     NIKE denies the allegations in Paragraph 16, including the suggestion that

Plaintiff reported concerns of discrimination by Dektas to Owen Stebbins on December 15, 2023.

17.     Later that same month, prompted by Dektas's ongoing avoidance of direct communication, Plaintiff contacted a local Senior Retail District Director for assistance and advice on supporting one of Plaintiff's stores while its General Manager would be on sabbatical in the spring of 2024. When Dektas learned of this, he became irate.

**ANSWER:**     NIKE admits that, on or about December 18, 2023, Plaintiff arranged a

stretch assignment without informing Dektas beforehand, which resulted in further performance

management efforts by Dektas. NIKE denies the remaining allegations in Paragraph 17.

18.     On January 3, 2024, Plaintiff was summoned to a meeting with Dektas and HR Business Partner Cheymeika Ashmore. During this meeting, Dektas raised his voice, falsely accused Plaintiff of mismanaging her store based on a closure she had previously cleared with him, and berated her for seeking help from a peer. Ashmore remained silent throughout the meeting.

**ANSWER:**     NIKE admits that, on or about January 3, 2024, Dektas and Cheymeika

Ashmore ("Ashmore") held a "Seek To Understand" meeting with Plaintiff relating to her

performance issues. NIKE denies the remaining allegations in Paragraph 18.

19.     The following day, Plaintiff sent a detailed complaint email to Dektas, Ashmore, and Senior HR Partner Wendy Daily, which she also forwarded to Employee Relations Partner Steven Dawson. In this complaint, Plaintiff detailed the mistreatment she had been suffering at the hands of Detkas, including how he had unfairly questioned her decisions, misrepresented directives Plaintiff had given to her team, and berated her for seeking the assistance of a peer, all of which Detkas mischaracterized as "poor leadership." Plaintiff defended her managerial decisions as consistent with Nike's mantra in its Code of Conduct: "Doing the Right Thing." Plaintiff also included that, since Detkas's treatment of her was unjustified given Plaintiff's history of excellent performance, she considered his actions as retaliatory and that she feared her job was in jeopardy.

**ANSWER:**     NIKE admits that, on January 4, 2024, Plaintiff emailed Dektas, Ashmore,

and Wendy Dailey ("Dailey") that she "felt shocked and diminished by the comments that were

made about [her] performance" and felt she was "being retaliated against and [was] no longer

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

wanted at Nike." NIKE denies the remaining allegations in Paragraph 19, including but not limited to Plaintiff's characterization of the email.

20.    Daily offered a generic apology, and Dawson asked Plaintiff whether she had used the Speak Up portal.

**ANSWER:**    NIKE admits that Dailey thanked Plaintiff for raising her concerns and offered her apology that Plaintiff left a conversation feeling the way she described. NIKE further admits that Plaintiff was encouraged to connect with Employee Relations through the Speak Up portal.  NIKE denies the remaining allegations in Paragraph 20.

21.    Following Dawson's directive, Plaintiff submitted her complaint through the portal; however, to her knowledge, no investigation or follow-up occurred beyond a single call from HR Representative Sean Bullock, wherein he only asked Plaintiff to reiterate her complaints but offered no solutions or assistance. Neither Bullock nor anyone else at Nike followed up with Plaintiff about her Speak Up complaint.

**ANSWER:**    NIKE admits that Plaintiff submitted a report through the Speak Up portal, which People Solutions investigated. NIKE further admits that Lead People Solutions Consultant, Sean Bullock, spoke with Plaintiff about her concerns and otherwise investigated the matter. NIKE denies the remaining allegations in Paragraph 21.

22.    On January 10, 2024, Plaintiff experienced severe back pain. Her physician diagnosed her with degenerative disc disease, a condition associated with aging. This condition substantially limits one or more of Plaintiff's major life activities, including walking, standing, sitting, and bending, as well as neurological functions.

**ANSWER:**    NIKE lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 22 and therefore denies them.

23.    Plaintiff promptly informed Dektas of her disability and requested a reasonable accommodation: one day off work and one day of remote work.

**ANSWER:**    NIKE admits that, in or around January 2024, Plaintiff informed Dektas that she had injured her back. NIKE denies the remaining allegations in Paragraph 23.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

24.    On February 13, 2024, barely more than a month after Plaintiff complained about Dektas' discriminatory conduct and disclosed her disability to him, Dektas and Ashmore terminated Plaintiff's employment via video call.

**ANSWER:**    NIKE admits that, on February 13, 2024, Dektas and Ashmore informed Plaintiff of her termination. NIKE denies the remaining allegations in Paragraph 24.

25.    The only reason Dektas and Ashmore gave to Plaintiff for her termination was the vague statement, "failure to demonstrate leadership capability."

**ANSWER:**    NIKE admits that it informed Plaintiff that her "termination is due to [her] failure to meet expectations for [her] position. Specifically, [Plaintiff has] failed to demonstrate appropriate leadership capability in alignment with [her] position." NIKE denies the remaining allegations in Paragraph 25.

26.    Dektas and Ashmore did not provide Plaintiff with any specific examples of any alleged failures or misconduct to support the decision to terminate her employment.

**ANSWER:**    NIKE denies the allegations in Paragraph 26.

27.    At the time Nike terminated Plaintiff's employment she was 61 years of age.

**ANSWER:**    NIKE lacks information or knowledge sufficient to form a belief about Plaintiff's age at the time of her termination, and therefore denies the allegations of Paragraph 27.

28.    At the time Plaintiff's employment with Nike ended, she was qualified for her position and possessed all certifications, degrees, and licenses required for her position.

**ANSWER:**    NIKE denies the allegations in Paragraph 28.

29.    Despite her lengthy and successful tenure, Nike denied Plaintiff severance.

**ANSWER:**    NIKE admits that Plaintiff was ineligible for severance. NIKE denies the remaining allegations in Paragraph 29.

30.    Plaintiff was one of three senior female leaders directly or indirectly reporting to Dektas, all of whom were terminated between February and April 2024.

**ANSWER:**    NIKE admits that Plaintiff directly reported to Dektas at the time of her termination. NIKE further admits that other female leaders directly or indirectly reported to

Page 8 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Dektas. NIKE further admits that management terminated other employees between February and April 2024. NIKE denies the remaining allegations in Paragraph 30, including but not limited to the suggestion that Dektas targeted female leaders for termination.

31.     Plaintiff and the other two women, Courtenay Buday and Jennifer Hess Patthoff, were terminated without severance prior to a company-wide Reduction in Force ("RIF").

**ANSWER:**     NIKE admits Plaintiff, Courtenay Buday, and Jennifer Patthoff were terminated without severance consistent with the applicable severance plan. NIKE further admits that reductions in force have occurred both before and after the for-cause terminations referenced in Paragraph 31. NIKE denies the remaining allegations in Paragraph 31.

32.     In contrast, male leaders reporting to Dektas who were terminated in 2024 were given severance packages and terminated as part of the RIF.

**ANSWER:**     NIKE admits that employees terminated as a part of reductions in force, some of whom identify as male, were provided severance consistent with the applicable severance plan.  NIKE denies the remaining allegations in Paragraph 32.

33.     Nike's reasons for terminating Plaintiff's employment were a mere pretext for terminating her and/or for denying her equal compensation in violation of Title VII, the ADEA, the ADA, the Equal Pay Act and ORS 659A.030(1)(a)(b) and (f).

**ANSWER:**     NIKE denies the allegations in Paragraph 33.

### IV. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Gender Discrimination
### Violation of 43 U.S.C. § 2000e, et seq.

34.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**     NIKE incorporates its responses from Paragraphs 1-33 above.

35.     Nike discriminated against Plaintiff based on her gender in the following ways:

    a)     Providing attention and resources to Plaintiff's male colleagues that it denied to her;

Page 9 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

b)    Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

c)    Withholding important information necessary for Plaintiff's success while providing information and resources to her male peers;

d)    Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

e)    Holding Plaintiff to higher standards than her male peers;

f)    Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

g)    Demanding that Plaintiff perform extra work not required of her male peers;

h)    Ostracizing and ignoring Plaintiff;

i)    Showing preferential treatment to younger male colleagues; and

j)    Terminating her employment on the basis of sex.

**ANSWER:**    NIKE denies the allegations in Paragraph 35.

36.    Nike treated males who were similarly situated to Plaintiff more favorably than it treated Plaintiff.

**ANSWER:**    NIKE denies the allegations in Paragraph 36.

37.    Nike's actions were intentional and constituted unlawful discrimination on the basis of gender in violation of Title VII.

**ANSWER:**    NIKE denies the allegations in Paragraph 37.

38.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her sex by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

**ANSWER:**    NIKE denies the allegations in Paragraph 38.

39.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of gender discrimination.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 39.

40.    Plaintiff is entitled to all appropriate equitable relief.

Page 10 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 40.

41.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 41 but

denies the remaining allegations and legal conclusions in Paragraph 41, including that Plaintiff

would be entitled to any such damages.

42.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 42 but

denies the remaining allegations and legal conclusions in Paragraph 42, including that Plaintiff

would be entitled to any such damages.

43.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic

damages but denies the allegations and legal conclusions in Paragraph 43, including that Plaintiff

would be entitled to such an award.

44.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages but denies the

remaining allegations and legal conclusions in Paragraph 44, including that Plaintiff is entitled to

any such damages.

45.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5(k).

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff has retained legal counsel for this matter but denies the remaining allegations and legal conclusions in Paragraph 45.

### SECOND CLAIM FOR RELIEF
**Retaliation for Reporting Gender Discrimination**
**Violation of 43 U.S.C. § 2000e, et seq.**

46.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-45 above.

47.    Plaintiff engaged in protected activity when she opposed gender discrimination and reported that Nike was violating applicable federal and state law by treating her differently due to her gender.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 47.

48.    Nike retaliated against Plaintiff in response to her complaints about discrimination based on her gender by increasing scrutiny and hostility toward Plaintiff, escalating its unfounded attacks and criticisms of her performance, and terminating her employment.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 48.

49.    Pleading in the alternative, if such be necessary, Nike retaliated against Plaintiff in response to her complaints by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 49.

50.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of retaliation for asserting claims of discrimination based on gender.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 50.

51.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the legal conclusions in Paragraph 51.

52.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**     NIKE admits that Plaintiff seeks the damages listed in Paragraph 52 but denies the remaining allegations and legal conclusions in Paragraph 52, including that Plaintiff would be entitled to any such damages.

53.     As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

**ANSWER:**     NIKE admits that Plaintiff seeks the damages listed in Paragraph 53 but denies the remaining allegations and legal conclusions in Paragraph 53, including that Plaintiff would be entitled to any such damages.

54.     Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**     NIKE admits that Plaintiff purports to seek an additional award of economic damages but denies the allegations and legal conclusions in Paragraph 54, including that Plaintiff would be entitled to such an award.

55.     Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**     NIKE admits that Plaintiff purports to seek punitive damages but denies the remaining allegations and legal conclusions in Paragraph 55, including that Plaintiff is entitled to any such damages.

56.     Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5(k).

**ANSWER:**     NIKE admits that Plaintiff retained legal counsel for this matter but denies the remaining allegations and legal conclusions in Paragraph 56.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

### THIRD CLAIM FOR RELIEF
### Gender Discrimination
### Violation of ORS 659A.030

57.     Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-56 above.

58.     At all times relevant, Nike was an "employer" as defined by ORS 659A.030.

**ANSWER:**    NIKE admits that NIKE Retail Services, Inc. employed Plaintiff and reserved the right to control the means by which her services were performed. The remaining allegations in Paragraph 58 assert legal conclusions to which no response is required. To the extent that a response is required, NIKE denies the remaining allegations of Paragraph 58.

59.     When Plaintiff worked for Nike, she was an "employee" as defined by ORS 659A.030.

**ANSWER:**    NIKE admits that NIKE Retail Services, Inc. employed Plaintiff and reserved the right to control the means by which her services were performed. The remaining allegations in Paragraph 59 assert legal conclusions to which no response is required. To the extent that a response is required, NIKE denies the remaining allegations of Paragraph 59.

60.     Nike discriminated against Plaintiff based on her gender in the following ways:

a)     Providing attention and resources to Plaintiff's male colleagues that it denied to her;

b)     Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

c)     Withholding important information necessary for Plaintiff's success while providing information and resources to her male peers;

d)     Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

e)     Holding Plaintiff to higher standards than her male peers;

f)     Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

g)    Demanding that Plaintiff perform extra work not required of her male peers;

h)    Ostracizing and ignoring Plaintiff;

i)    Showing preferential treatment to younger male colleagues; and

j)    Terminating her employment on the basis of sex.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 60.

61.    Nike treated males who were similarly situated to Plaintiff more favorably than it treated Plaintiff.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 61.

62.    Nike's actions were intentional and constituted unlawful discrimination on the basis of gender in violation of ORS 659A.030.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 62.

63.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her gender by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 63.

64.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of gender discrimination.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 64.

65.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 65.

66.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 66 but

denies the remaining allegations and legal conclusions in Paragraph 66, including that Plaintiff

would be entitled to any such damages.

Page 15 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

67.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 67 but denies the remaining allegations and legal conclusions in Paragraph 67, including that Plaintiff would be entitled to any such damages.

68.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages but denies the allegations and legal conclusions in Paragraph 68, including that Plaintiff would be entitled to such an award of economic damages.

69.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages but denies the remaining allegations and legal conclusions in Paragraph 69, including that Plaintiff is entitled to any such damages.

70.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 20.107 and ORS 659A.885(1).

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter but denies the remaining allegations and legal conclusions in Paragraph 70.

### FOURTH CLAIM FOR RELIEF
### Age Discrimination
### Violation of 29 U.S.C. §§ 621-34

71.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-70 above.

Page 16 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

72.    Nike discriminated against Plaintiff based on her age in the following ways:

a)    Providing attention and resources to Plaintiff's younger colleagues that it denied to her;

b)    Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

c)    Withholding important information necessary for Plaintiff's success while providing information and resources to her younger peers;

d)    Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

e)    Holding Plaintiff to higher standards than her younger peers;

f)    Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

g)    Demanding that Plaintiff perform extra work not required of her younger peers;

h)    Ostracizing and ignoring Plaintiff;

i)    Showing preferential treatment to younger male colleagues; and

j)    Terminating her employment on the basis of age.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 72.

73.    Nike treated younger employees that were similarly situated to Plaintiff more favorably than it treated Plaintiff.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 73.

74.    Nike's actions were intentional and constituted unlawful discrimination on the basis of age in violation of ADEA.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 74.

75.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her age by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her younger comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 75.

Page 17 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

76.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of age discrimination.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 76.

77.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 77.

78.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered economic damages for which she seeks an amount to be proven at trial, plus interest thereon at the statutory rate. Plaintiff also seeks front pay in lieu of reinstatement to her position.

**ANSWER:**    NIKE admits that Plaintiff purports to seek economic damages and front pay in lieu of reinstatement to her position, but denies the remaining allegations and legal conclusions in Paragraph 78, including that Plaintiff is entitled to economic or equitable damages such as front pay.

79.    Nike knew that its actions constituted unlawful discrimination based upon Plaintiff's age or acted with reckless disregard for the fact that its actions were discriminatory. Due to the willfulness of Nike's conduct, Plaintiff seeks liquidated damages in an amount equal to her economic damages.

**ANSWER:**    NIKE admits that Plaintiff purports to seek liquidated damages but denies the remaining allegations and legal conclusions in Paragraph 79, including that Plaintiff is entitled to any such damages.

80.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over the remainder of her career.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages, but denies the allegations and legal conclusions in Paragraph 80, including that Plaintiff would be entitled to such an award.

81.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 29 U.S.C. § 626(b).

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter but denies the remaining allegations and legal conclusions in Paragraph 81.

### FIFTH CLAIM FOR RELIEF
### Retaliation for Reporting Age Discrimination
### Violation of 29 U.S.C. §§ 621-34

82.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-81 above.

83.    Plaintiff engaged in protected activity when she opposed age discrimination and reported that Nike was engaging in unlawful practices by treating her differently due to her age.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 83.

84.    Nike retaliated against Plaintiff in response to her complaints about discrimination based on her age by increasing scrutiny and hostility toward Plaintiff, escalating its unfounded attacks and criticisms of her performance, and terminating her employment.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 84.

85.    Pleading in the alternative, if such be necessary, Nike retaliated against Plaintiff in response to her complaints by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her younger comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 85.

86.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of retaliation for reporting age discrimination.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 86.

87.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 87.

88.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 88 but denies the remaining allegations and legal conclusions in Paragraph 88, including that Plaintiff would be entitled to any such damages.

89.    Nike knew that its actions constituted unlawful discrimination based upon Plaintiff's age or acted with reckless disregard for the fact that its actions were discriminatory. Due to the willfulness of Nike's conduct, Plaintiff seeks liquidated damages in an amount equal to her economic damages.

**ANSWER:**    NIKE admits that Plaintiff purports to seek liquidated damages but denies the remaining allegations and legal conclusions in Paragraph 89, including that Plaintiff is entitled to any damages.

90.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 90 but denies the remaining allegations and legal conclusions in Paragraph 90, including that Plaintiff would be entitled to any such damages.

91.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages, but denies the allegations and legal conclusions in Paragraph 91, including that Plaintiff would be entitled to such an award.

92.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages, but denies the remaining allegations and legal conclusions in Paragraph 92, including that Plaintiff is entitled to any such damages.

93.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 29 U.S.C. § 626(b).

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter, but denies the remaining allegations and legal conclusions in Paragraph 93.

**SIXTH CLAIM FOR RELIEF**
**Age Discrimination**
**Violation of ORS 659A.030**

94.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-93 above.

95.    Nike discriminated against Plaintiff based on her age in the following ways:

a)    Providing attention and resources to Plaintiff's younger colleagues that it denied to her;

b)    Failing to communicate with Plaintiff about important operational decisions and excluding her from meetings even when related to her store markets;

c)    Withholding important information necessary for Plaintiff's success while providing information and resources to her younger peers;

d)    Publicly chastising Plaintiff for conduct that Nike previously approved to diminish her reputation and cause stress and anxiety;

e)    Holding Plaintiff to higher standards than her younger peers;

f)    Falsely accusing Plaintiff of poor performance and misconduct for engaging in work Nike had approved;

g)    Demanding that Plaintiff perform extra work not required of her younger peers;

h)    Ostracizing and ignoring Plaintiff;

i)    Showing preferential treatment to younger male colleagues; and

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

       j)      Terminating her employment on the basis of age.

     **ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 95.

96.    Nike treated younger employees that were similarly situated to Plaintiff more favorably than it treated Plaintiff.

     **ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 96.

97.    Nike's actions were intentional and constituted unlawful discrimination on the basis of age.

     **ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 97.

98.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her age by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her younger comparators were offered severance.

     **ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 98.

99.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of age discrimination.

     **ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 99.

100.    Plaintiff is entitled to all appropriate equitable relief.

     **ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 100.

101.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

     **ANSWER:**    NIKE admits that Plaintiff purports to seek economic damages but denies

the remaining allegations and legal conclusions in Paragraph 101, including that Plaintiff is entitled

to any damages.

102.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

Page 22 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff purports to seek noneconomic damages but denies the remaining allegations and legal conclusions in Paragraph 102, including that Plaintiff is entitled to any damages.

103.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages, but denies the allegations and legal conclusions in Paragraph 103, including that Plaintiff would be entitled to such an award.

104.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages but denies the remaining allegations and legal conclusions in Paragraph 104, including that Plaintiff is entitled to any such damages.

105.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 20.107 and ORS 659A.885(1).

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter, but denies the remaining allegations and legal conclusions in Paragraph 105.

## SEVENTH CLAIM FOR RELIEF
### Disability Discrimination
### Violation of 42 U.S.C. § 12101, et. seq.

106.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-105 above.

107.    Plaintiff is and was a disabled person as defined by 42 U.S.C. § 12102 and/or Nike regarded her as having a disability.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 107.

Page 23 – DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

108.    Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8) because she could perform the essential functions of her job with or without a reasonable accommodation.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 108.

109.    Plaintiff disclosed her disability and requested a reasonable accommodation of her disability.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 109.

110.    Nike discriminated against and terminated Plaintiff because of her perceived or actual disability and request for accommodation.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 110.

111.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her disability by pretextually terminating Plaintiff's employment in order to avoid including her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her non-disabled comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 111.

112.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of discrimination based on disability.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 112.

113.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 113.

114.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 114 but

denies the remaining allegations and legal conclusions in Paragraph 114, including that Plaintiff

would be entitled to any such damages.

115.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

Page 24 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 115 but denies the remaining allegations and legal conclusions in Paragraph 115, including that Plaintiff would be entitled to any such damages.

116.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages, but denies the allegations and legal conclusions in Paragraph 116, including that Plaintiff would be entitled to such an award.

117.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages, but denies the remaining allegations and legal conclusions in Paragraph 117, including that Plaintiff is entitled to any such damages.

118.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to 42 U.S.C. § 12205.

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter, but denies the remaining allegations and legal conclusions in Paragraph 118.

**EIGHTH CLAIM FOR RELIEF**
**Disability Discrimination**
**Violation of ORS 659A.112**

119.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-118 above.

120.    Plaintiff is and was a "disabled person" as defined by ORS 659A.104(1)(a)-(c) and/or Nike regarded her as a disabled person.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 120.

Page 25 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

121.    Plaintiff was an "otherwise qualified employee" as defined in ORS 659A.115 because she could perform the essential functions of her job with or without a reasonable accommodation.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 121.

122.    Plaintiff disclosed her disability and requested a reasonable accommodation of her disability.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 122.

123.    Nike retaliated against and terminated Plaintiff because of her disability or perceived disability and request for accommodation.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 123.

124.    Pleading in the alternative, if such be necessary, Nike discriminated against Plaintiff on the basis of her disability by pretextually terminating Plaintiff's employment in order to avoid including her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her non-disabled comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 124.

125.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of discrimination based on disability.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 125.

126.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 126.

127.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 127 but

denies the remaining allegations and legal conclusions in Paragraph 127, including that Plaintiff

would be entitled to any such damages.

128.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 128 but denies the remaining allegations and legal conclusions in Paragraph 128, including that Plaintiff would be entitled to any such damages.

129.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages, but denies the allegations and legal conclusions in Paragraph 129, including that Plaintiff would be entitled to such an award.

130.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages, but denies the remaining allegations and legal conclusions in Paragraph 130, including that Plaintiff is entitled to any such damages.

131.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 20.107 and ORS 659A.885(1).

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter, but denies the remaining allegations and legal conclusions in Paragraph 131.

**NINTH CLAIM FOR RELIEF**
**Retaliation for Engaging in Protected Activities**
**Violation of ORS 659A.109**

132.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-131 above.

133.    Plaintiff engaged in protected activity when she sought an accommodation for her disability.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 133.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

134.    Nike discriminated and retaliated against Plaintiff in response to her request for disability accommodation by terminating her employment.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 134.

135.    Pleading in the alternative, if such be necessary, Nike discriminated and retaliated against Plaintiff in response to her request for accommodation by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount of severance under the same plan or program through which her male comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 135.

136.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of discrimination and retaliation for seeking statutorily protected benefits.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 136.

137.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 137.

138.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 138 but

denies the remaining allegations and legal conclusions in Paragraph 138, including that Plaintiff

would be entitled to any such damages.

139.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 139 but

denies the remaining allegations and legal conclusions in Paragraph 139, including that Plaintiff

would be entitled to any such damages.

140.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages, but denies the allegations and legal conclusions in Paragraph 140, including that Plaintiff would be entitled to such an award.

141.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages, but denies the remaining allegations and legal conclusions in Paragraph 141, including that Plaintiff is entitled to any such damages.

142.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter, but denies the remaining allegations and legal conclusions in Paragraph 142.

## TENTH CLAIM FOR RELIEF
### Retaliation for Engaging in Protected Activities
### Violation of ORS 659A.030(1)(F)

143.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-142 above.

144.    Plaintiff engaged in protected activity when she opposed gender and age discrimination and reported that Nike was engaging in unlawful practices by treating her differently due to her gender and age.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 144.

145.    Nike retaliated against Plaintiff in response to her complaints about discrimination by increasing scrutiny and hostility toward Plaintiff, escalating its unfounded attacks and criticisms of her performance, and terminating her employment.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 145.

146.    Pleading in the alternative, if such be necessary, Nike retaliated against Plaintiff in response to her complaints by pretextually terminating Plaintiff's employment in order to avoid having to include her in a RIF, which would have resulted in her being offered a substantial amount

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

of severance under the same plan or program through which her male comparators were offered severance.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 146.

147.    Plaintiff is entitled to a declaration that Nike violated her statutory right to be free of retaliation for asserting lawfully protected claims of discrimination.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 147.

148.    Plaintiff is entitled to all appropriate equitable relief.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 148.

149.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered and will continue to suffer economic damages which she seeks in an amount to be proven at trial, plus interest thereon at the statutory rate.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 149 but denies the remaining allegations and legal conclusions in Paragraph 149, including that Plaintiff would be entitled to any such damages.

150.    As a direct and proximate consequence of Nike's unlawful conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, inconvenience, and loss of enjoyment of life for which she seeks noneconomic damages in an amount to be determined at trial.

**ANSWER:**    NIKE admits that Plaintiff seeks the damages listed in Paragraph 150 but denies the remaining allegations and legal conclusions in Paragraph 150, including that Plaintiff would be entitled to any such damages.

151.    Plaintiff seeks an additional award of economic damages to compensate her for the additional tax liability for which she will be responsible if awarded a lump sum that will be paid in a single tax year for wages and benefits that would have otherwise been earned over a longer time period.

**ANSWER:**    NIKE admits that Plaintiff purports to seek an additional award of economic damages, but denies the allegations and legal conclusions in Paragraph 151, including that Plaintiff would be entitled to such an award.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

152.    Nike's actions were malicious or made with reckless indifference to Plaintiff's statutorily protected rights. Plaintiff therefore seeks punitive damages in an amount to be proven at trial.

**ANSWER:**    NIKE admits that Plaintiff purports to seek punitive damages, but denies

the remaining allegations and legal conclusions in Paragraph 152, including that Plaintiff is entitled

to any such damages.

153.    Plaintiff has hired legal counsel to prosecute her claims and is entitled to her reasonable attorneys' fees and costs, incurred, including expert witness fees, pursuant to ORS 659A.885 and ORS 20.107.

**ANSWER:**    NIKE admits that Plaintiff retained legal counsel for this matter, but denies

the remaining allegations and legal conclusions in Paragraph 153.

## ELEVENTH CLAIM FOR RELIEF
### Violation of 29 U.S.C. § 206 et seq.

154.    Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

**ANSWER:**    NIKE incorporates its responses from Paragraphs 1-153 above.

155.    By refusing to pay severance to Plaintiff that it provided to Plaintiff's peers, Nike paid Plaintiff less than similarly situated male colleagues performing substantially similar work on the jobs the performance of which requires similar skill, effort, and responsibility and which are performed under similar working conditions within the same establishment, specifically with respect to severance compensation.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 155.

156.    The difference in severance pay provided to male employees and not provided to Plaintiff is due to sex and not due to seniority, merit, quantity, or quality of production, or any other factor other than sex.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 156.

157.    Nike acted willfully in failing to equally pay Plaintiff in accordance with the law.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 157.

158.    As a direct and proximate cause of Nike's employment policies, practices or actions, Plaintiff suffered damages including but not limited to lost income and other benefits.

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 158.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

159.    Plaintiff is therefore entitled to damages equal to the differential in pay on the basis of sex pursuant to 29 U.S.C. §§ 206(d) and 216(b).

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 159.

160.    Plaintiff is also entitled to a separate amount equal to the differential in pay as liquidated damages pursuant to 29 U.S.C. § 216(b).

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 160.

161.    Plaintiff is also entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest pursuant to 29 U.S.C. §216(b).

**ANSWER:**    NIKE denies the allegations and legal conclusions in Paragraph 161.

## AFFIRMATIVE DEFENSES

Defendants re-allege and incorporate all matters admitted and alleged above, and further allege:

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint fails to state one or more claim(s) upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claims are barred, in whole or in part, by the legitimate, non-discriminatory, non-retaliatory reason(s) for the alleged adverse action(s), which would have resulted in the same action(s) irrespective of any alleged protected class, protected activity, impermissible motivating factor, illegal sole cause, or other unlawful consideration.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, and estoppel.

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to make reasonable efforts to mitigate her damages and prevent avoidable consequences, and/or by her successful mitigation.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, because all actions taken by Defendants, or anyone acting on their behalf, were just, fair, privileged, and made with good cause and/or in a good faith effort to comply with applicable laws, and without malice or intent to discriminate or retaliate.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's disability accommodation claims are barred, in whole or in part, by Plaintiff's failure to engage in the interactive process in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's disability accommodation claims are barred, in whole or in part, to the extent any accommodation would have been unreasonable or futile, and/or imposed an undue burden.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's disability discrimination claim fails because she is neither disabled, nor a qualified person with a disability

## NINTH AFFIRMATIVE DEFENSE

9.     Under the facts of this case, the imposition of any of punitive damages or penalty of any kind (including, but not limited to, an award of attorneys' fees) would violate Defendants' constitutional rights, including, but not limited to, equal protection and due process rights under

Page 33 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
Wells Fargo Tower
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
503.221.0309

the Fifth and Fourteenth Amendments of the United States Constitution, and Defendants' right to be free from excessive fines under the Eighth Amendment of the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff's claims and/or damages are barred, in whole or in part, by the doctrine of after-acquired evidence, including the discovery that Plaintiff took and failed to return Defendants' property in violation of company policy and Plaintiff's agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    To the extent that Plaintiff suffered any emotional distress, it was proximately caused by factors other than Defendants' actions.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiff's claims are barred in whole or in part, to the extent they seek alleged loss of pension, retirement, severance, or other employee benefits, which may be preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's claims are barred, in whole or in part, because any alleged difference in compensation and/or severance pay between Plaintiff and other employees was based on one or more legitimate, nondiscriminatory factors, including, but not limited to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, and/or any other factor other than sex.

### ADDITIONAL ALLEGATIONS

14.    Plaintiff's claims lack an objectively reasonable basis, are not based on reasonable knowledge, information, and belief, and were filed without making such inquiry as is reasonable under the circumstances. Under the circumstances, Defendants are entitled to their costs and reasonable attorney fees.

Page 34 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

## RESERVATION OF RIGHTS

15.    Defendants have not yet completed an exhaustive investigation into or discovery of the allegations, facts, and circumstances of the subject matter of Plaintiff's allegations and, accordingly, Defendants reserve the right to amend, modify, revise, or supplement this Answer and Affirmative Defenses, and to plead such further defenses and affirmative defenses and take such further action as may be deemed proper and necessary in their defense upon the completion of investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that this Court:

1.    Dismiss the Complaint in its entirety;

2.    Deny each and every demand, claim, and prayer for relief contained in the Complaint;

3.    Award NIKE its reasonable attorneys' fees and costs incurred in defending this action; and

4.    Grant such other and further relief as this Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 35 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT

Dated:  December 12, 2025                Respectfully submitted,

                                        */s/ Alex Kim*

                                        John A. Berg, OSB No. 120018
                                        jberg@littler.com
                                        Christine E. Sargent, Bar No. 172189
                                        csargent@littler.com
                                        Alex Kim, OSB No. 233531
                                        akim@littler.com
                                        LITTLER MENDELSON, P.C.
                                        Wells Fargo Tower
                                        1300 SW 5th Avenue, Suite 2050
                                        Portland, Oregon 97201
                                        Telephone:    503.221.0309
                                        Facsimile:    503.242.2457

                                        Attorneys for Defendants
                                        NIKE RETAIL SERVICES, INC. and
                                        NIKE, INC.

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1300 SW 5th Avenue Suite 2050, Portland, Oregon 97201.  I hereby certify that on December 12, 2025, I electronically filed the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
ALTSCHUL & SULLIVAN, LLP
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Jennifer J. Spencer (pro hac vice anticipated)
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt (pro hac vice anticipated)
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
4004 Belt Line Road, Suite 210
Addison, TX 75001
(972) 458-5301 (Telephone)
(972) 532-8799 (Fax)
*Lead Counsel for Plaintiff*

By:    */s/ Genevieve Henny*
          Genevieve Henny
          Littler Mendelson P.C.

PAGE 37 - DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT